IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. RIVOTA, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 18-cv-3843 |
| v. | ) ) | |
| BANK OF AMERICA CORPORATION and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | ) ) ) ) ) | JURY DEMANDED |
| Defendants. | ) ) | |

**AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, Michael A. Rivota, individually and on behalf of all other persons similarly situated, known and unknown, through his attorneys, complains against Defendants Bank of America Corporation ("BOA") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") (collectively, "Defendants"), as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), for Defendants' failure to pay Plaintiff and other similarly situated persons all earned regular and overtime pay for all time worked.

2. Defendants manage, control and operate customer service call centers within this judicial district and manage and control the telephone-based workers who are the putative class members in this lawsuit.

3. Defendants knowingly required and/or permitted Plaintiff, who worked as a telephone-dedicated employee, and other similarly situated telephone-dedicated employees, to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, reading company issued emails and instructions, and completing customer service calls.

4. In addition, Defendants were aware that Plaintiff and those similarly situated to him also performed work for Defendants on their break periods, including meal breaks, for which they were not paid. The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, finishing customer service calls, logging back into the phone system, re-booting their computers, and initializing software programs.

5. The amount of uncompensated time Plaintiff and those similarly situated to him spend or have spent on these required and unpaid work activities exceeds five minutes per day per person.

6. Plaintiff brings his FLSA overtime claims as a collective action pursuant to 29 U.S.C. 216(b) on behalf of telephone-dedicated employees who worked for Defendants in the United States. Plaintiff brings his IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois telephone-dedicated employees.

## **JURISDICTION AND VENUE**

7. This Court has original jurisdiction over Plaintiffs' FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

## THE PARTIES

9. Plaintiff is an individual who Defendants employed from approximately April 3, 2016 to approximately March 21, 2017 as an hourly, non-exempt, telephone-dedicated employee in Defendants' call center in Rolling Meadows, Illinois. Plaintiff resides in and is domiciled within this judicial district.

11. Defendant Bank of America Corporation is a Delaware corporation qualified to do business in Illinois and maintains corporate headquarters within the City and County of Charlotte - Mecklenburg at Bank of America Corporate Center, 100 N. Tryon St., Charlotte, North Carolina 28255.

12. Defendant Merrill Lynch is a Delaware corporation qualified to do business in Illinois and maintains corporate headquarters at One Bryant Park, New York, New York, 10036.

13. Merrill Edge is an online brokerage service and subsidiary of Bank of America's retail banking division. Plaintiff was employed by Merrill Edge as a Financial Investment Specialist and worked at Defendants' call center located in Rolling Meadows, Illinois.

14. Defendant Bank of America issued paychecks and W-2's to Plaintiff and the similarly situated employees.

15. Defendants employed Plaintiff and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

16. At all relevant times, each Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS § 115/2.

## FACTUAL ALLEGATIONS

A.  *Defendants' Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of Their Scheduled Shift Time*

17. Defendants operate and have operated "call centers" in Illinois and elsewhere where telephone-dedicated employees similar to Plaintiff handle phone calls regarding financial services offered by Defendants to their customers.

18. Defendants earn revenue from the services of Plaintiff and other similarly situated telephone-dedicated employees.

19. Prior to starting work on the call center floor, Plaintiff and other similarly situated telephone-based employees were and are interviewed by Defendants' employees and managers.

20. Defendants had the power to hire and fire Plaintiff and other persons similarly situated. Defendants scheduled Plaintiff and other persons similarly situated to work 9.5- or 10.5-hour shifts. Defendants scheduled Plaintiff and other persons similarly situated to take a 30-minute unpaid lunch break each day.

21. At the Rolling Meadows, Illinois call center where Plaintiff worked, managers Defendants employed were always working on the floor of the call center during the workday, managing the work activities of the Plaintiff and other similarly situated persons.

22. Defendants do not allow telephone-based employees to use Defendants' phones and computers for any personal use. Additionally, Defendants generally prohibit and do not allow telephone-based employees to use their own personal cell phones on the call center floor. Under Defendants' policies and practices, telephone-based employees are required to store their personal cell phones during the work day and can generally only use them on breaks and off the call center floor.

23. At the Rolling Meadows, Illinois call center where Plaintiff worked, Defendants'

4

managers instructed and directed Plaintiff and similarly situated telephone-based employees not to log into Defendants' timekeeping system prior to their scheduled shift start time.

24. At the Rolling Meadows, Illinois call center where Plaintiff worked, Defendants' managers on the call center floor could and did regularly see with their own eyes that Plaintiff and similarly situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Defendants' computers, and began working on their computers prior to the start of their scheduled shift time and while off-the-clock.

25. Despite seeing and knowing Plaintiff and similarly situated telephone-based employees performed work at their work stations prior to their scheduled shift start time and while off-the-clock, Defendants and their managers on the floor of the call center did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

26. Defendants possess, control and/or have access to information and electronic data that shows the times Plaintiff and similarly situated telephone-based employees logged into their computers each day and the time they logged into their telephone systems.

27. By possessing, controlling and/or accessing this information, Defendants knew that Plaintiff and similarly situated telephone-based employees worked prior to the start of their scheduled shift time and while off-the-clock.

28. Despite having this information and knowing that Plaintiff and similarly situated telephone-based employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time and while off-the-clock, Defendants did not make any effort to stop or otherwise disallow this unpaid pre-shift work and instead allowed and permitted it to happen.

5

29. Defendants knowingly required and/or permitted Plaintiff and those similarly situated to him to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, and completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times.

30. In addition, by having managers on the call center floor and having access to the electronic data, among other things, Defendants were aware that Plaintiff and those similarly situated to him also performed work for Defendants on their break periods, for which they were not paid. The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

31. Despite having actual and/or constructive knowledge that Plaintiff and those similarly situated to him performed the computer initialization activities and other related pre-shift work tasks, as well as work tasks performed during meal breaks and after the end of their shift, Defendants intentionally refused to pay Plaintiff and those similarly situated to him for the time spend performing these work activities.

32. The amount of uncompensated time Plaintiff and those similarly situated to him spend or have spent on these required and unpaid work activities exceeds five minutes per day per person.

33. Defendants monitored and directed the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

6

### B. *Defendants Knew of and Assented to the Pre-Shift Work*

34. Defendants' policy and practice permits and/or requires telephone-based employees to be logged into their phone systems and made available by the employee's scheduled start time.

35. In order to be logged into Defendants' telephone systems, Defendants required and/or permitted Plaintiff and similarly situated telephone-based employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and instructions while off-the-clock.

36. Defendants' policy and practice is to discipline telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

37. This policy and practice of Defendants results in telephone-based employees, including Plaintiff, to boot up their computers, initialize several software programs and/or read company emails and instructions prior to their start of their scheduled shift time and while off-the-clock.

38. As set forth herein, via their policies and practices and through their own telephone and computer systems, Defendants knew and was aware that the telephone-based employees performed work prior to the start of their scheduled shift and while off-the-clock.

39. Defendants did not instruct Plaintiff and similarly situated telephone-based employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time. Rather, Defendants required, permitted and/or allowed Plaintiff and the putative class members to work prior to their scheduled shift time and while off-the-clock.

7

40. By knowing of, permitting and/or requiring Plaintiff and similarly situated telephone-based employees to log into their computers, initialize their various software programs and/or read company email and instructions prior to the start of their scheduled shift time and while off-the-clock, Defendants assented to them performing this unpaid work.

### C. Defendants' Failure to Pay Regular and/or Overtime Wages to Their Telephone-Based Hourly Employees

41. Defendants determined the rate of pay for Plaintiff other similarly situated persons.

42. Plaintiff and other similarly situated persons submitted their timesheets to Defendants' managers for review prior to receiving their paychecks. These timesheets were reviewed and approved by employees of Defendants.

43. Defendants supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

44. Plaintiff and those employees similarly situated are individuals who were, or are, employed by Defendants in customer service, sales, and similar positions at Defendants' call centers who were not paid for some or all of their work activities prior to the beginning of their shifts, during meal and rest breaks, or after the end of their shifts.

45. Plaintiff and the other employees are similarly situated to one another because their duties consisted primarily of providing services related to selling financial services offered by Defendants to their customers while working in Defendants' call centers. Plaintiff and others similarly situated all shared similar policies, job titles, job descriptions, training, job duties and compensation, among other things.

46. Plaintiff and the other employees are also similar because Defendants did not pay them for all time they actually worked. Defendants knowingly required Plaintiff and the

8

similarly situated individuals to perform unpaid work before and after their scheduled shifts, including but not limited to booting-up computers, initializing several software programs, reading company emails and instructions, and completing customer service calls. Additionally, Defendants were aware that Plaintiff and those similarly situated to him also performed work for Defendants on their break periods, for which they were not paid.

47. The net effect of Defendants' policies and practices, instituted and approved by company managers, is that Defendants willfully failed to pay regular and overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs. Defendants thus enjoyed ill-gained profits at the expense of their hourly employees.

48. Plaintiff and others similarly situated at times work or worked in excess of forty hours per week for Defendants in a given workweek.

49. Defendants' policy and practice of requiring and/or permitting their employees, including Plaintiff and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206, Section 4 of the IMWL, 820 ILCS § 105/4, and Section 4 of the IWPCA, 820 ILCS § 115/4.

50. Defendants' policy and practice of requiring their employees to perform work without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a.

51. Defendants' failure to compensate their non-exempt, hourly call center employees

with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

52. Defendants' non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

### D. *Defendants' Failure to Pay Agreed-Upon Hourly Rates For Work To Which Defendants Assented*

53. At all times relevant hereto, Defendants paid, and agreed to pay, Plaintiff and similarly situated employees in Illinois more than the federal and state minimum wage.

54. For example, Defendants agreed to pay Plaintiff $20.20 per hour for all work Defendants permitted and/or required of him, which is more than the applicable federal and state minimum wage.

55. At all times relevant hereto, Defendants agreed to pay Plaintiff and a class of similarly situated Illinois employees more than the state minimum wage for all work permitted and/or required by Defendants.

56. At all times relevant hereto, Defendants agreed to compensate their hourly employees for all "work" that Defendants required and/or permitted.

57. Booting up computers, initializing several software programs, reading company email or instructions, and completing customer service calls is "work" for which Plaintiff and similarly situated Illinois employees are entitled to their agreed-upon rate of pay. Additionally, working during breaks and completing calls and logging off their phones and computers is "work" for which Plaintiff and similarly situated Illinois employees are entitled to their agreed-upon rate of pay.

58. Despite their agreement to pay Plaintiff and similarly situated Illinois employees more than the statutory minimum wage for their work, and despite assenting to the work

10

described herein, Defendants did not pay Plaintiff and certain other similarly situated Illinois employees their agreed-upon rate for performing all work permitted, required and/or assented to by Defendants. This work includes the time spent booting up their computers, initializing their software programs for their calls, and reading company email and instructions prior to the start of their scheduled shift time; the time spent completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times; and the break time spent finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

59. Defendants' failure to compensate Plaintiff and other similarly situated Illinois employees at their agreed-upon wage for work they permitted, required and/or assented to has caused Plaintiff and other similarly situated employees to suffer harm.

## COLLECTIVE ACTION ALLEGATIONS

60. Plaintiff brings Count I of this Complaint as a collective action on behalf of himself and all other current and former hourly employees of Defendants who Defendants required to perform the work described herein without pay.

61. Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendants as telephone-dedicated employees, however titled, and who were compensated, in part or in full, on an hourly basis throughout the United States at any time between June 1, 2015 and the present who did not receive the full amount of overtime wages earned and owed to him.

62. There are questions of law or fact common to the employees described in paragraph 61.

63. Plaintiff is similarly situated to the employees described in paragraph 61, as Plaintiff's claims are typical of the claims of those persons.

11

64. Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 61.

65. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons described in paragraph 61.

66. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

67. At all relevant times, Defendants employed Plaintiff and the persons described in paragraph 61.

## CLASS ACTION ALLEGATIONS

68. Plaintiff brings Counts II and III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other current and former hourly employees of Defendants who Defendants required to perform the work described herein without pay.

69. With respect to Plaintiff's IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendants as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between June 1, 2015 and the present who did not receive the full amount of overtime wages earned and owed to him (the "IMWL Class").

70. With respect to Plaintiff's IWPCA claim, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendants as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between June 1, 2008 and the present whose hourly rate exceeded the applicable Illinois minimum wage and who did not receive the full amount of wages earned and owed to them (herein the "IWPCA Class").

71. This action is being brought as a class action pursuant to Fed. R. Civ. P. 23,

because the IMWL Class and IWPCA Class are so numerous that joinder of all class members is impracticable.

72. Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendants' practice of not compensating employees for all time worked.

73. Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendants' failure to pay all earned wages to Plaintiff and the class members.

74. Furthermore, members of the IMWL and IWPCA Classes still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

75. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

76. Plaintiff and the members of the IMWL and IWPCA Classes, as well as Defendants, have a commonality of interest in the subject matter and the remedy sought.

77. Plaintiff is able to fairly and adequately represent and protect the interests of the members of the IMWL and IWPCA Classes. Plaintiff's Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

78. If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL and IWPCA Classes, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

79. Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.

13

80. Plaintiff and his counsel will fairly and adequately protect the interest of both classes.

## COUNT I – FLSA
**(Failure to Pay Overtime Wages)**

81. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 67 as paragraph 81 of this Count I.

82. Plaintiff, individually and on behalf and the members of the collective described in paragraph 61, asserts claims for unpaid overtime pursuant to the FLSA.

83. At any and all times relevant hereto, Defendants were an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

84. At any and all times relevant hereto, each Defendant was an "employer" of Plaintiff and the members of the collective described in paragraph 61 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

85. At any and all times relevant hereto, Plaintiff and the members of the collective described in paragraph 61 were "employees" of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)

86. Plaintiff and the members of the collective described in paragraph 61 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

87. At all times relevant hereto, Defendants' failure to pay Plaintiff and the members of the collective described in paragraph 61 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

> a. Defendants knew that the FLSA required them to pay time and one-half for all time worked over 40 hours in a week;

b. Defendants failed to maintain true and accurate time records; and

c. Defendants encouraged Plaintiff and the members of the collective described in paragraph 61 to not record all time worked.

88. As a direct and proximate result thereof, Plaintiff and the members of the collective described in paragraph 61 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendants and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate him for the nature, extent and duration of their damages, the costs of this action and as follows:

a. Declare and find that the Defendants committed one or more of the following acts:

   i. Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party Plaintiffs; and

   ii. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party Plaintiffs;

b. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

c. Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party Plaintiffs;

d. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

e. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

f. Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

g. Grant such further relief as the Court deems just and equitable.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
**(Failure to Pay Earned Overtime Wages)**

89. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 59 and 68 through 80 as paragraph 89 of this Count II, as if fully set forth herein.

90. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

91. The matters set forth in this Count II arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiff brings this action on his own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

92. Defendants employed Plaintiff and other similarly situated telephone-dedicated workers as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

93. At all relevant times, each Defendant was an "employer" of Plaintiff and other similarly situated telephone-dedicated workers, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

94. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

95. Defendants did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

96. Defendants violated the Illinois Minimum Wage Law by refusing to compensate

16

Plaintiff and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

97. Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover statutory penalties in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff and the members of the IMWL Class pray for a judgment against Defendants as follows:

 a. That the Court determine that this action may be maintained as a class action.

 b. A judgment in the amount of one and one-half times Plaintiff's and the members of the IMWL Class' regular rate for all time they worked in excess of forty (40) hours per week;

 c. Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

 d. Reasonable attorneys' fees and costs incurred in filing this action; and

 e. Such other and further relief as this Court deems appropriate and just.

### COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
**(Failure to Pay the Agreed Upon Rate For Work Assented to by Defendant)**

98. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 59 and 69 through 80 as paragraph 98 of this Count III as if fully set forth herein.

99. Plaintiff, individually and on behalf of all others similarly situated, brings this Count III to recover from Defendants unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

100. At all times relevant, and at Defendants' request, Plaintiff and the members of the putative IWPCA Class performed work for Defendants.

101. As set forth *supra*, Defendants assented to pay Plaintiff and the members of the

17

putative IWPCA Class at an agreed-upon hourly rate at or in excess of the applicable Illinois Minimum Wage Law hourly rate, for all work Defendants permitted and/or required.

102. As set forth *supra*, Defendants assented to the hourly employees performing the work described above by, among other means, Defendants' knowledge and awareness of the pre- and post-shift work described herein, as well as the work performed during breaks.

103. Defendants regularly observed, without objection or negative comment, the record and documentation of having Plaintiff and the members of the putative IWPCA Class perform work prior to the start of their scheduled shift time, during breaks, and after the end of their scheduled shift time.

104. During the course of their employment with Defendants, Plaintiff and similarly situated Illinois employees had an agreement with Defendants within the meaning of the IWPCA to be compensated for all time worked at the rates agreed to by the parties. Defendants did not pay Plaintiff or similarly situated Illinois employees for all hours worked at the rates agreed to by the parties as described herein.

105. Plaintiff and the putative IWPCA Class members were entitled to be paid for all time worked at the rate agreed to by the parties.

106. When Defendants hired Plaintiff and the members of the putative IWPCA Class and advised them of the specific hourly rate they would be paid, Defendants did not inform Plaintiff and the members of the putative class that they would not be paid for all the work Defendants required and/or permitted.

107. Defendants have failed to pay Plaintiff and the members of the putative IWCPA Class the full amount due for all time worked on their regularly scheduled paydays, including but not limited to their final compensation, because Defendants did not pay them for the work

described herein, in violation of the IWPCA, 820 ILCS § 115/4.

108. Defendants have failed to pay Plaintiff and the putative IWPCA Class the full amount for all hours worked because of the improper practices described herein.

109. Illinois Statutes 820 ILCS §§115/1 *et seq.* defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties…".

110. Under the IWPCA, payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses…and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties." 820 ILCS § 115/2.

111. Illinois Statutes 820 ILCS §115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. Illinois Statutes 820 ILCS §115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly schedule payday for such employee."

112. Defendants violated Illinois Statutes 820 ILCS §§115/1 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiff and the putative IWPCA Class members for the actual time they worked each week within 13 days of the date such compensation was earned and by failing to properly compensate Plaintiff and the putative IWPCA Class members their rightful wages by the next scheduled payday after their separation.

113. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the putative IWPCA class have suffered and will continue to suffer lost wages and other

damages.

WHEREFORE, Plaintiff and the members of the IWPCA Class pray for a judgment against Defendants as follows:

a. That the Court determine that this Count III may be maintained as a class action;

b. A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

c. Statutory damages pursuant to the formula set forth in 820 ILCS § 115/14(a);

d. Reasonable attorneys' fees and costs incurred in filing this action; and

e. Such other and further relief as this Court deems appropriate and just.

Dated: September 17, 2018

Respectfully submitted,

 /s/ James X. Bormes
One of Plaintiff's attorneys


James X. Bormes
Catherine P. Sons
**Law Office of James X. Bormes, P.C**
8 South Michigan Avenue, Suite 2600
Chicago, Illinois 60603
312-201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

Thomas M. Ryan
**Law Office of Thomas M. Ryan, P.C.**
35 East Wacker Drive, Suite 650
Chicago, Illinois 60601
312-726-3400
tom@tomryanlaw.com

Kasif Khowaja
**The Khowaja Law Firm, LLC**
70 East Lake Street, Suite 1220
Chicago, Illinois 60601
312-356-3200
kasif@khowajalaw.com