## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF LLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL A. RIVOTA, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) | **No. 1:18-cv-03843** |
| **v.** | ) ) | **Judge Feinerman** |
| **BANK OF AMERICA CORPORATION and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

### ANSWER
### TO AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Defendants Bank of America Corporation ("Bank of America") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") (collectively, "Defendants") hereby answer the Amended Class and Collective Action Complaint ("Amended Complaint") filed by Plaintiff Michael A. Rivota ("Plaintiff"):

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), for Defendants' failure to pay Plaintiff and other similarly situated persons all earned regular and overtime pay for all time worked.

**Answer:** Defendants admit that Plaintiff purports to state claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §§ 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/1, *et seq.* ("IWPCA"), but deny that Plaintiff can state a claim or is entitled to any such relief, and deny the remaining allegations in Paragraph 1 of Plaintiff's Amended Complaint.

2.      Defendants manage, control and operate customer service call centers within this judicial district and manage and control the telephone-based workers who are the putative class members in this lawsuit.

**Answer:**  Defendants admit that Merrill Lynch operates a center in Rolling Meadows, Illinois (the "Rolling Meadows Center"), but deny the remaining allegations in Paragraph 2 of Plaintiff's Amended Complaint.

3.      Defendants knowingly required and/or permitted Plaintiff, who worked as a telephone-dedicated employee, and other similarly situated telephone-dedicated employees, to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, reading company issued emails and instructions, and completing customer service calls.

**Answer:**  Defendants deny the allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4.      In addition, Defendants were aware that Plaintiff and those similarly situated to him also performed work for Defendants on their break periods, including meal breaks, for which they were not paid. The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, finishing customer service calls, logging back into the phone system, re-booting their computers, and initializing software programs.

**Answer:**  Defendants deny the allegations in Paragraph 4 of Plaintiff's Amended Complaint.

5.      The amount of uncompensated time Plaintiff and those similarly situated to him spend or have spent on these required and unpaid work activities exceeds five minutes per day per person.

**Answer:**  Defendants deny the allegations in Paragraph 5 of Plaintiff's Amended Complaint.

6.      Plaintiff brings his FLSA overtime claims as a collective action pursuant to 29 U.S.C. 216(b) on behalf of telephone-dedicated employees who worked for Defendants in the United States. Plaintiff brings his IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois telephone-dedicated employees.

**Answer:**  Defendants admit that Plaintiff seeks to represent a collective pursuant to 29 U.S.C. § 216(b); admit that Plaintiff seeks to represent a class pursuant to Fed. R. Civ. P. 23; but

deny that Plaintiff is entitled to represent either a collective or a class; and deny the remaining allegations in Paragraph 6 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over Plaintiffs' FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**Answer:**   Defendants admit the allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8.      This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

**Answer:**   Defendants admit the allegations in Paragraph 8 of Plaintiff's Amended Complaint.

## THE PARTIES

9.      Plaintiff is an individual who Defendants employed from approximately April 3, 2016 to approximately March 21, 2017 as an hourly, non-exempt, telephone-dedicated employee in Defendants' call center in Rolling Meadows, Illinois. Plaintiff resides in and is domiciled within this judicial district.

**Answer:**  Defendants admit that Plaintiff was employed by Merrill Lynch from April 4, 2016 to March 21, 2017 in an hourly, non-exempt position at the Rolling Meadows Center, but deny they have knowledge or information sufficient to form a belief regarding Plaintiff's current residency, and deny the remaining allegations in Paragraph 9 of Plaintiff's Amended Complaint.

11.     Defendant Bank of America Corporation is a Delaware corporation qualified to do business in Illinois and maintains corporate headquarters within the City and County of Charlotte - Mecklenburg at Bank of America Corporate Center, 100 N. Tryon St., Charlotte, North Carolina 28255.

**Answer:**   Defendants admit the allegations in Paragraph 11 of Plaintiff's Amended Complaint.[1]

---

[1]  Plaintiff's Amended Complaint does not contain a Paragraph 10.

12.     Defendant Merrill Lynch is a Delaware corporation qualified to do business in Illinois and maintains corporate headquarters at One Bryant Park, New York, New York, 10036.

**Answer:**   Defendants admit the allegations in Paragraph 12 of Plaintiff's Amended Complaint.

13.     Merrill Edge is an online brokerage service and subsidiary of Bank of America's retail banking division. Plaintiff was employed by Merrill Edge as a Financial Investment Specialist and worked at Defendants' call center located in Rolling Meadows, Illinois.

**Answer:**   Defendants admit that Plaintiff worked for Merrill Lynch as an Investment Specialist at the Rolling Meadows Center, but deny the remaining allegations in Paragraph 13 of Plaintiff's Amended Complaint.

14.     Defendant Bank of America issued paychecks and W-2's to Plaintiff and the similarly situated employees.

**Answer:**   Defendants deny the allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15.     Defendants employed Plaintiff and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

**Answer:**   Defendants admit that Plaintiff was a Merrill Lynch employee within the meaning of the FLSA, IMWL and IWPCA, but deny the remaining allegations in Paragraph 15 of Plaintiff's Amended Complaint.

16.     At all relevant times, each Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS § 115/2.

**Answer:**   Defendants admit that Merrill Lynch was Plaintiff's employer within the meaning of the FLSA, IMWL, and IWPCA, but deny the remaining allegations in Paragraph 16 of Plaintiff's Amended Complaint.

## FACTUAL ALLEGATIONS

A.   *Defendants' Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of Their Scheduled Shift Time*

17.   Defendants operate and have operated "call centers" in Illinois and elsewhere where telephone-dedicated employees similar to Plaintiff handle phone calls regarding financial services offered by Defendants to their customers.

**Answer:**  Defendants admit that Merrill Lynch operates the Rolling Meadow Call Center; admit that Plaintiff worked for Merrill Lynch as an Investment Specialist at the Rolling Meadow Call Center and used the telephone to perform his job duties; but deny the remaining allegations in Paragraph 17 of Plaintiff's Amended Complaint.

18.   Defendants earn revenue from the services of Plaintiff and other similarly situated telephone-dedicated employees.

**Answer:**  Defendants deny the vague allegations in Paragraph 18 of Plaintiff's Amended Complaint.

19.   Prior to starting work on the call center floor, Plaintiff and other similarly situated telephone-based employees were and are interviewed by Defendants' employees and managers.

**Answer:**  Defendants deny the vague allegations in Paragraph 19 of Plaintiff's Amended Complaint.

20.   Defendants had the power to hire and fire Plaintiff and other persons similarly situated. Defendants scheduled Plaintiff and other persons similarly situated to work 9.5- or 10.5-hour shifts. Defendants scheduled Plaintiff and other persons similarly situated to take a 30- minute unpaid lunch break each day.

**Answer:**  Defendants admit that Merrill Lynch was Plaintiff's employer, but deny the remaining vague allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21.   At the Rolling Meadows, Illinois call center where Plaintiff worked, managers Defendants employed were always working on the floor of the call center during the workday, managing the work activities of the Plaintiff and other similarly situated persons.

**Answer:**  Defendants admit that Merrill Lynch employed managers at the Rolling

107601960_3

Meadows Center to manage the work activities of employees under their supervision, but deny the remaining allegations in Paragraph 21 of Plaintiff's Amended Complaint.

22.      Defendants do not allow telephone-based employees to use Defendants' phones and computers for any personal use. Additionally, Defendants generally prohibit and do not allow telephone-based employees to use their own personal cell phones on the call center floor. Under Defendants' policies and practices, telephone-based employees are required to store their personal cell phones during the work day and can generally only use them on breaks and off the call center floor.

**Answer:** Defendants admit that Merrill Lynch generally instructs employees at the Rolling Meadows Center to refrain from using personal phones on the call center floor, but deny the remaining allegations in Paragraph 22 of Plaintiff's Amended Complaint.

23.      At the Rolling Meadows, Illinois call center where Plaintiff worked, Defendants' managers instructed and directed Plaintiff and similarly situated telephone-based employees not to log into Defendants' timekeeping system prior to their scheduled shift start time.

**Answer:** Defendants admit that Merrill Lynch generally instructed Plaintiff to log on the timekeeping system at the scheduled start of his shift, but deny the remaining allegations in Paragraph 23 of Plaintiff's Amended Complaint.

24.      At the Rolling Meadows, Illinois call center where Plaintiff worked, Defendants' managers on the call center floor could and did regularly see with their own eyes that Plaintiff and similarly situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Defendants' computers, and began working on their computers prior to the start of their scheduled shift time and while off-the-clock.

**Answer:**  Defendants deny the allegations in Paragraph 24 of Plaintiff's Amended Complaint.

25.      Despite seeing and knowing Plaintiff and similarly situated telephone-based employees performed work at their work stations prior to their scheduled shift start time and while off-the-clock, Defendants and their managers on the floor of the call center did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

**Answer:**  Defendants deny the allegations in Paragraph 25 of Plaintiff's Amended Complaint.

107601960_3

26.     Defendants possess, control and/or have access to information and electronic data that shows the times Plaintiff and similarly situated telephone-based employees logged into their computers each day and the time they logged into their telephone systems.

**Answer:**  Defendants deny the vague allegations in Paragraph 26 of Plaintiff's Amended Complaint.

27.     By possessing, controlling and/or accessing this information, Defendants knew that Plaintiff and similarly situated telephone-based employees worked prior to the start of their scheduled shift time and while off-the-clock.

**Answer:**   Defendants deny the allegations in Paragraph 27 of Plaintiff's Amended Complaint.

28.     Despite having this information and knowing that Plaintiff and similarly situated telephone-based employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time and while off-the-clock, Defendants did not make any effort to stop or otherwise disallow this unpaid pre-shift work and instead allowed and permitted it to happen.

**Answer:**   Defendants deny the allegations in Paragraph 28 of Plaintiff's Amended Complaint.

29.     Defendants knowingly required and/or permitted Plaintiff and those similarly situated to him to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, and completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times.

**Answer:**   Defendants deny the allegations in Paragraph 29 of Plaintiff's Amended Complaint.

30.     In addition, by having managers on the call center floor and having access to the electronic data, among other things, Defendants were aware that Plaintiff and those similarly situated to him also performed work for Defendants on their break periods, for which they were not paid. The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

**Answer:** Defendants deny the allegations in Paragraph 30 of Plaintiff's Amended Complaint.

31. Despite having actual and/or constructive knowledge that Plaintiff and those similarly situated to him performed the computer initialization activities and other related pre- shift work tasks, as well as work tasks performed during meal breaks and after the end of their shift, Defendants intentionally refused to pay Plaintiff and those similarly situated to him for the time spend performing these work activities.

**Answer:** Defendants deny the allegations in Paragraph 31 of Plaintiff's Amended Complaint.

32. The amount of uncompensated time Plaintiff and those similarly situated to him spend or have spent on these required and unpaid work activities exceeds five minutes per day per person.

**Answer:** Defendants deny the allegations in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendants monitored and directed the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

**Answer:** Defendants admit that Merrill Lynch supervised Plaintiff's work activities, but deny the remaining allegations in Paragraph 33 of Plaintiff's Amended Complaint.

### B. *Defendants Knew of and Assented to the Pre-Shift Work*

34. Defendants' policy and practice permits and/or requires telephone-based employees to be logged into their phone systems and made available by the employee's scheduled start time.

**Answer:** Defendants deny the allegations in Paragraph 34 of Plaintiff's Amended Complaint.

107601960_3

35.     In order to be logged into Defendants' telephone systems, Defendants required and/or permitted Plaintiff and similarly situated telephone-based employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and instructions while off-the-clock.

**Answer:**   Defendants deny the allegations in Paragraph 35 of Plaintiff's Amended Complaint.

36.     Defendants' policy and practice is to discipline telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

**Answer:**   Defendants deny the allegations in Paragraph 36 of Plaintiff's Amended Complaint.

37.     This policy and practice of Defendants results in telephone-based employees, including -Plaintiff, to boot up their computers, initialize several software programs and/or read company emails and instructions prior to their start of their scheduled shift time and while off- the-clock.

**Answer:**   Defendants deny the allegations in Paragraph 37 of Plaintiff's Amended Complaint.

38.     As set forth herein, via their policies and practices and through their own telephone and computer systems, Defendants knew and was aware that the telephone-based employees performed work prior to the start of their scheduled shift and while off-the-clock.

**Answer:**   Defendants deny the allegations in Paragraph 38 of Plaintiff's Amended Complaint.

39.     Defendants did not instruct Plaintiff and similarly situated telephone-based employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time. Rather, Defendants required, permitted and/or allowed Plaintiff and the putative class members to work prior to their scheduled shift time and while off- the-clock.

**Answer:**   Defendants deny the allegations in Paragraph 39 of Plaintiff's Amended Complaint.

40.    By knowing of, permitting and/or requiring Plaintiff and similarly situated telephone-based employees to log into their computers, initialize their various software programs and/or read company email and instructions prior to the start of their scheduled shift time and while off-the-clock, Defendants assented to them performing this unpaid work.

**Answer:**   Defendants deny the allegations in Paragraph 40 of Plaintiff's Amended Complaint.

### C.    Defendants' Failure to Pay Regular and/or Overtime Wages to Their Telephone-Based Hourly Employees

41.    Defendants determined the rate of pay for Plaintiff [*sic*] other similarly situated persons.

**Answer:**   Defendants admit that Merrill Lynch compensated Plaintiff at an agreed-upon hourly rate, but deny the remaining allegations in Paragraph 41 of Plaintiff's Amended Complaint.

42.    Plaintiff and other similarly situated persons submitted their timesheets to Defendants' managers for review prior to receiving their paychecks.    These timesheets were reviewed and approved by employees of Defendants.

**Answer:**   Defendants admit that Merrill Lynch's managers at the Rolling Meadows Center are tasked with approving payroll timesheets submitted by hourly, non-exempt employees under their supervision, but deny the remaining allegations in Paragraph 42 of Plaintiff's Amended Complaint.

43.    Defendants supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

**Answer:**   Defendants admit that Merrill Lynch determined Plaintiff's work schedule, but deny the remaining allegations in Paragraph 43 of Plaintiff's Amended Complaint.

44.    Plaintiff and those employees similarly situated are individuals who were, or are, employed by Defendants in customer service, sales, and similar positions at Defendants' call centers who were not paid for some or all of their work activities prior to the beginning of their shifts, during meal and rest breaks, or after the end of their shifts.

**Answer:**   Defendants deny the allegations in Paragraph 44 of Plaintiff's Amended Complaint.

45.     Plaintiff and the other employees are similarly situated to one another because their duties consisted primarily of providing services related to selling financial services offered by Defendants to their customers while working in Defendants' call centers. Plaintiff and others similarly situated all shared similar policies, job titles, job descriptions, training, job duties and compensation, among other things.

**Answer:**   Defendants deny the allegations in Paragraph 45 of Plaintiff's Amended Complaint.

46.     Plaintiff and the other employees are also similar because Defendants did not pay them for all time they actually worked. Defendants knowingly required Plaintiff and the similarly situated individuals to perform unpaid work before and after their scheduled shifts, including but not limited to booting-up computers, initializing several software programs, reading company emails and instructions, and completing customer service calls. Additionally, Defendants were aware that Plaintiff and those similarly situated to him also performed work for Defendants on their break periods, for which they were not paid.

**Answer:**   Defendants deny the allegations in Paragraph 46 of Plaintiff's Amended Complaint.

47.     The net effect of Defendants' policies and practices, instituted and approved by company managers, is that Defendants willfully failed to pay regular and overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs.    Defendants thus enjoyed ill-gained profits at the expense of their hourly employees.

**Answer:**   Defendants deny the allegations in Paragraph 47 of Plaintiff's Amended Complaint.

48.     Plaintiff and others similarly situated at times work or worked in excess of forty hours per week for Defendants in a given workweek.

**Answer:**  Defendants admit that Plaintiff at times worked in excess of 40 hours in a given workweek for Merrill Lynch, but deny the remaining allegations in Paragraph 48 of Plaintiff's Amended Complaint.

107601960_3

49.    Defendants' policy and practice of requiring and/or permitting their employees, including Plaintiff and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206, Section 4 of the IMWL, 820 ILCS § 105/4, and Section 4 of the IWPCA, 820 ILCS § 115/4.

**Answer:**    Defendants deny the allegations in Paragraph 49 of Plaintiff's Amended Complaint.

50.    Defendants' policy and practice of requiring their employees to perform work without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a.

**Answer:**    Defendants deny the allegations in Paragraph 50 of Plaintiff's Amended Complaint.

51.    Defendants' failure to compensate their non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

**Answer:**    Defendants deny the allegations in Paragraph 51 of Plaintiff's Amended Complaint.

52.    Defendants' non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

**Answer:**    Defendants deny the allegations in Paragraph 52 of Plaintiff's Amended Complaint.

### C.    *Defendants' Failure to Pay Agreed-Upon Hourly Rates For Work To Which Defendants Assented*

53.    At all times relevant hereto, Defendants paid, and agreed to pay, Plaintiff and similarly situated employees in Illinois more than the federal and state minimum wage.

**Answer:**    Defendants admit that Merrill Lynch compensated Plaintiff at an hourly rate greater than the federal and state minimum wage, but deny the remaining allegations in Paragraph 53 of Plaintiff's Amended Complaint.

107601960_3

54.    For example, Defendants agreed to pay Plaintiff $20.20 per hour for all work Defendants permitted and/or required of him, which is more than the applicable federal and state minimum wage.

**Answer:**  Defendants admit that Merrill Lynch compensated Plaintiff at a rate of $20.20 per hour which is more than the federal and state minimum wage, but deny the remaining allegations in Paragraph 54 of Plaintiff's Amended Complaint.

55.    At all times relevant hereto, Defendants agreed to pay Plaintiff and a class of similarly situated Illinois employees more than the state minimum wage for all work permitted and/or required by Defendants.

**Answer:**  Defendants admit that Merrill Lynch compensated Plaintiff at an hourly rate greater than the state minimum wage, but deny the remaining allegations in Paragraph 55 of Plaintiff's Amended Complaint.

56.    At all times relevant hereto, Defendants agreed to compensate their hourly employees for all "work" that Defendants required and/or permitted.

**Answer:**  Defendants admit that Merrill Lynch compensates its hourly, non-exempt employees for all compensable time worked, but deny the remaining allegations in Paragraph 56 of Plaintiff's Amended Complaint.

57.    Booting up computers, initializing several software programs, reading company email or instructions, and completing customer service calls is "work" for which Plaintiff and similarly situated Illinois employees are entitled to their agreed-upon rate of pay. Additionally, working during breaks and completing calls and logging off their phones and computers is "work" for which Plaintiff and similarly situated Illinois employees are entitled to their agreed- upon rate of pay.

**Answer:**  Defendants admit that Merrill Lynch compensates its hourly, non-exempt employees for all compensable time worked, but deny they are required to respond to the allegations in Paragraph 57 of Plaintiff's Amended Complaint because they constitute legal conclusions to which no response is required, and deny the remaining allegations in Paragraph 57 of Plaintiff's Amended Complaint.

58.     Despite their agreement to pay Plaintiff and similarly situated Illinois employees more than the statutory minimum wage for their work, and despite assenting to the work described herein, Defendants did not pay Plaintiff and certain other similarly situated Illinois employees their agreed-upon rate for performing all work permitted, required and/or assented to by Defendants. This work includes the time spent booting up their computers, initializing their software programs for their calls, and reading company email and instructions prior to the start of their scheduled shift time; the time spent completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times; and the break time spent finishing customer service calls, logging back into the phone system, re- booting their computers and initializing software programs.

**Answer:**  Defendants deny the allegations in Paragraph 58 of Plaintiff's Amended

Complaint.

59.     Defendants' failure to compensate Plaintiff and other similarly situated Illinois employees at their agreed-upon wage for work they permitted, required and/or assented to has caused Plaintiff and other similarly situated employees to suffer harm.

**Answer:**  Defendants deny the allegations in Paragraph 59 of Plaintiff's Amended

Complaint.

## COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff brings Count I of this Complaint as a collective action on behalf of himself and all other current and former hourly employees of Defendants who Defendants required to perform the work described herein without pay.

**Answer:**  Defendants admit that Plaintiff purports to bring this claim as a collective action,

but deny that Plaintiff can maintain a collective action, and deny the remaining allegations in

Paragraph 60 of Plaintiff's Amended Complaint.

61.     Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons:

All persons who worked for Defendants as telephone-dedicated employees, however titled, and who were compensated, in part or in full, on an hourly basis throughout the United States at any time between June 1, 2015 and the present who did not receive the full amount of overtime wages earned and owed to him.

**Answer:**  Defendants admit that Plaintiff seeks to send notice to the persons he purports to

identify in Paragraph 61 of his Amended Complaint, but deny that he is entitled to send notice,

and deny the remaining allegations in Paragraph 61 of Plaintiff's Amended Complaint.

62. There are questions of law or fact common to the employees described in paragraph 61.

**Answer:** Defendants deny the allegations in Paragraph 62 of Plaintiff's Amended Complaint.

63. Plaintiff is similarly situated to the employees described in paragraph 61, as Plaintiff's claims are typical of the claims of those persons.

**Answer:** Defendants deny the allegations in Paragraph 63 of Plaintiff's Amended Complaint.

64. Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 61.

**Answer:** Defendants deny the allegations in Paragraph 64 of Plaintiff's Amended Complaint.

65. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons described in paragraph 61.

**Answer:** Defendants deny they have knowledge or information sufficient to form a belief regarding the allegations in Paragraph 65 of Plaintiff's Amended Complaint, and, accordingly, deny those allegations.

66. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

**Answer:** Defendants deny the allegations in Paragraph 66 of Plaintiff's Amended Complaint.

67. At all relevant times, Defendants employed Plaintiff and the persons described in paragraph 61.

**Answer:** Defendants admit that Merrill Lynch employed Plaintiff, but deny the remaining allegations in Paragraph 67 of Plaintiff's Amended Complaint.

## **CLASS ACTION ALLEGATIONS**

68.     Plaintiff brings Counts II and III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other current and former hourly employees of Defendants who Defendants required to perform the work described herein without pay.

**Answer:** Defendants admit that Plaintiff seeks to represent a class pursuant to Fed. R. Civ.

P. 23, but deny that he is entitled to represent a class, and deny the remaining allegations in

Paragraph 68 of Plaintiff's Amended Complaint.

69.     With respect to Plaintiff's IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendants as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between June 1, 2015 and the present who did not receive the full amount of overtime wages earned and owed to him (the "IMWL Class").

**Answer:** Defendants admit that Plaintiff seeks to represent a class pursuant to Fed. R. Civ.

P. 23, but deny that he is entitled to represent a class, and deny the remaining allegations in

Paragraph 69 of Plaintiff's Amended Complaint.

70.     With respect to Plaintiff's IWPCA claim, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendants as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between June 1, 2008 and the present whose hourly rate exceeded the applicable Illinois minimum wage and who did not receive the full amount of wages earned and owed to them (herein the "IWPCA Class").

**Answer:** Defendants admit that Plaintiff seeks to represent a class pursuant to Fed. R. Civ.

P. 23, but deny that he is entitled to represent a class, and deny the remaining allegations in

Paragraph 70 of Plaintiff's Amended Complaint.

71.    This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the IMWL Class and IWPCA Class are so numerous that joinder of all class members is impracticable.

**Answer:**    Defendants deny the allegations in Paragraph 71 of Plaintiff's Amended Complaint.

72.    Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendants' practice of not compensating employees for all time worked.

**Answer:**    Defendants deny the allegations in Paragraph 72 of Plaintiff's Amended Complaint.

73.    Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendants' failure to pay all earned wages to Plaintiff and the class members.

**Answer:**    Defendants deny the allegations in Paragraph 73 of Plaintiff's Amended Complaint.

74.    Furthermore, members of the IMWL and IWPCA Classes still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

**Answer:**    Defendants deny the allegations in Paragraph 74 of Plaintiff's Amended Complaint.

75.    The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

**Answer:**    Defendants deny the allegations in Paragraph 75 of Plaintiff's Amended Complaint.

76.    Plaintiff and the members of the IMWL and IWPCA Classes, as well as Defendants, have a commonality of interest in the subject matter and the remedy sought.

**Answer:**    Defendants deny the allegations in Paragraph 76 of Plaintiff's Amended Complaint.

77.    Plaintiff is able to fairly and adequately represent and protect the interests of the members of the IMWL and IWPCA Classes. Plaintiff's Counsel are competent and experienced

17

in litigating large wage and hour and other employment class actions.

**Answer:** Defendants deny the allegations in Paragraph 77 of Plaintiff's Amended Complaint.

78. If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL and IWPCA Classes, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

**Answer:** Defendants deny the allegations in Paragraph 78 of Plaintiff's Amended Complaint.

79. Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.

**Answer:** Defendants deny they have knowledge or information sufficient to form a belief regarding the allegations in Paragraph 79 of Plaintiff's Amended Complaint, and, accordingly, deny those allegations.

80. Plaintiff and his counsel will fairly and adequately protect the interest of both classes.

**Answer:** Defendants deny they have knowledge or information sufficient to form a belief regarding the allegations in Paragraph 80 of Plaintiff's Amended Complaint, and, accordingly, deny those allegations.

**COUNT I – FLSA**
**(Failure to Pay Overtime Wages)**

81. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 67 as paragraph 81 of this Count I.

**Answer:** Defendants incorporate herein by reference their responses to Paragraphs 1-67 of Plaintiff's Amended Complaint.

18

82.      Plaintiff, individually and on behalf and the members of the collective described in paragraph 61, asserts claims for unpaid overtime pursuant to the FLSA.

**Answer:** Defendants admit that Plaintiff brings claims for alleged unpaid overtime under the FLSA, but deny that Plaintiff or any individual he seeks to represent are entitled to any such relief, and deny the remaining allegations in Paragraph 82 of Plaintiff's Amended Complaint.

83.      At any and all times relevant hereto, Defendants were an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

**Answer:** Defendants admit the allegations in Paragraph 83 of Plaintiff's Amended Complaint.

84.      At any and all times relevant hereto, each Defendant was an "employer" of Plaintiff and the members of the collective described in paragraph 61 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**Answer:** Defendants admit that Merrill Lynch was Plaintiff's employer within the meaning of the FLSA, but deny the remaining allegations in Paragraph 84 of Plaintiff's Amended Complaint.

85.      At any and all times relevant hereto, Plaintiff and the members of the collective described in paragraph 61 were "employees" of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)

**Answer:** Defendants admit that Plaintiff was a Merrill Lynch employee within the meaning of the FLSA, but deny the remaining allegations in Paragraph 85 of Plaintiff's Amended Complaint.

86.      Plaintiff and the members of the collective described in paragraph 61 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

**Answer:** Defendants deny the allegations in Paragraph 86 of Plaintiff's Amended Complaint.

107601960_3

87.     At all times relevant hereto, Defendants' failure to pay Plaintiff and the members of the collective described in paragraph 61 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

    a.    Defendants knew that the FLSA required them to pay time and one-half for all time worked over 40 hours in a week;

    b.    Defendants failed to maintain true and accurate time records; and

    c.    Defendants encouraged Plaintiff and the members of the collective described in paragraph 61 to not record all time worked.

**Answer:**  Defendants deny the allegations in Paragraph 87 of Plaintiff's Amended Complaint.

88.     As a direct and proximate result thereof, Plaintiff and the members of the collective described in paragraph 61 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

**Answer:**  Defendants deny the allegations in Paragraph 88 of Plaintiff's Amended Complaint, and further deny that Plaintiff or any individual he seeks to represent is entitled to any of the relief he seeks in the Wherefore Clause following Paragraph 88 of Plaintiff's Amended Complaint.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
### (Failure to Pay Earned Overtime Wages)

89.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 59 and 68 through 80 as paragraph 89 of this Count II, as if fully set forth herein.

**Answer:**  Defendants incorporate herein by reference their responses to Paragraphs 1-59 and 68-80 of Plaintiff's Amended Complaint.

90.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

**Answer:**  Defendants admit the allegations in Paragraph 90 of Plaintiff's Amended Complaint.

91.     The matters set forth in this Count II arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiff brings this action on his own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

**Answer:**  Defendants admit that Plaintiff asserts the claims in Count II pursuant to the

IMWL, but deny that Plaintiff or any individual he seeks to represent are entitled to any such relief,

and deny the remaining allegations in Paragraph 91 of Plaintiff's Amended Complaint.

92.     Defendants employed Plaintiff and other similarly situated telephone-dedicated workers as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

**Answer:**  Defendants admit that Plaintiff was a Merrill Lynch employee within the

meaning of the IMWL, but deny the remaining allegations in Paragraph 92 of Plaintiff's Amended

Complaint.

93.     At all relevant times, each Defendant was an "employer" of Plaintiff and other similarly situated telephone-dedicated workers, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

**Answer:**  Defendants admit that Merrill Lynch was Plaintiff's employer within the

meaning of the IMWL, but deny the remaining allegations in Paragraph 93 of Plaintiff's Amended

Complaint.

94.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

**Answer:**  Defendants admit that Plaintiff correctly restates portions of 820 ILCS 105/4(a),

but deny that Plaintiff or any individual he seeks to represent are entitled to any such relief, and

deny the remaining allegations in Paragraph 94 of Plaintiff's Amended Complaint.

95.     Defendants did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

**Answer:**  Defendants deny the allegations in Paragraph 95 of Plaintiff's Amended

Complaint.

96. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

**Answer:** Defendants deny the allegations in Paragraph 96 of Plaintiff's Amended Complaint.

97. Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover statutory penalties in the amount of two percent (2%) per month of the amount of underpayments.

**Answer:** Defendants deny the allegations in Paragraph 97 of Plaintiff's Amended Complaint, and further deny that Plaintiff or any individual he seeks to represent is entitled to any of the relief he seeks in the Wherefore Clause following Paragraph 97 of Plaintiff's Amended Complaint.

### COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
**(Failure to Pay the Agreed Upon Rate For Work Assented to by Defendant)**

98. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 59 and 69 through 80 as paragraph 98 of this Count III as if fully set forth herein.

**Answer:** Defendants incorporate herein by reference its responses to Paragraphs 1-59 and 69-80 of Plaintiff's Amended Complaint.

99. Plaintiff, individually and on behalf of all others similarly situated, brings this Count III to recover from Defendants unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

**Answer:** Defendants admit that Plaintiff asserts claims pursuant to the IWPCA, but deny that Plaintiff or any individual he seeks to represent are entitled to any such relief, and deny the remaining allegations in Paragraph 99 of Plaintiff's Amended Complaint.

100. At all times relevant, and at Defendants' request, Plaintiff and the members of the putative IWPCA Class performed work for Defendants.

**Answer:** Defendants admit that Plaintiff worked for Merrill Lynch, but deny the remaining allegations in Paragraph 100 of Plaintiff's Amended Complaint.

101. As set forth *supra*, Defendants assented to pay Plaintiff and the members of the putative IWPCA Class at an agreed-upon hourly rate at or in excess of the applicable Illinois Minimum Wage Law hourly rate, for all work Defendants permitted and/or required.

**Answer:** Defendants admit that Merrill Lynch compensated Plaintiff at an hourly rate greater that the Illinois state minimum wage, but deny the remaining allegations in Paragraph 101 of Plaintiff's Amended Complaint.

102. As set forth *supra*, Defendants assented to the hourly employees performing the work described above by, among other means, Defendants' knowledge and awareness of the pre- and post-shift work described herein, as well as the work performed during breaks.

**Answer:** Defendants deny the allegations in Paragraph 102 of Plaintiff's Amended Complaint.

103. Defendants regularly observed, without objection or negative comment, the record and documentation of having Plaintiff and the members of the putative IWPCA Class perform work prior to the start of their scheduled shift time, during breaks, and after the end of their scheduled shift time.

**Answer:** Defendants deny the allegations in Paragraph 103 of Plaintiff's Amended Complaint.

104. During the course of their employment with Defendants, Plaintiff and similarly situated Illinois employees had an agreement with Defendants within the meaning of the IWPCA to be compensated for all time worked at the rates agreed to by the parties. Defendants did not pay Plaintiff or similarly situated Illinois employees for all hours worked at the rates agreed to by the parties as described herein.

**Answer:** Defendants admit that Merrill Lynch compensated Plaintiff at an agreed-upon rate, but deny the remaining allegations in Paragraph 104 of Plaintiff's Amended Complaint.

105.     Plaintiff and the putative IWPCA Class members were entitled to be paid for all time worked at the rate agreed to by the parties.

**Answer:**   Defendants deny the allegations in Paragraph 105 of Plaintiff's Amended Complaint.

106.     When Defendants hired Plaintiff and the members of the putative IWPCA Class and advised them of the specific hourly rate they would be paid, Defendants did not inform Plaintiff and the members of the putative class that they would not be paid for all the work Defendants required and/or permitted.

**Answer:**   Defendants deny the allegations in Paragraph 106 of Plaintiff's Amended Complaint.

107.     Defendants have failed to pay Plaintiff and the members of the putative IWCPA Class the full amount due for all time worked on their regularly scheduled paydays, including but not limited to their final compensation, because Defendants did not pay them for the work described herein, in violation of the IWPCA, 820 ILCS § 115/4.

**Answer:**   Defendants deny the allegations in Paragraph 107 of Plaintiff's Amended Complaint.

108.     Defendants have failed to pay Plaintiff and the putative IWPCA Class the full amount for all hours worked because of the improper practices described herein.

**Answer:**   Defendants deny the allegations in Paragraph 108 of Plaintiff's Amended Complaint.

109.     Illinois Statutes 820 ILCS §§115/1 *et seq*. defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties…".

**Answer:**  Defendants admit that Plaintiff correctly quotes a portion of 820 ILCS 115/2, but deny the remaining allegations in Paragraph 109 of Plaintiff's Amended Complaint.

110.     Under the IWPCA, payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses…and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties." 820 ILCS § 115/2.

**Answer:**   Defendants admit that Plaintiff correctly quotes a portion of 820 ILCS 115/2, but

107601960_3

deny the remaining allegations in Paragraph 110 of Plaintiff's Amended Complaint.

111.    Illinois Statutes 820 ILCS §115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. Illinois Statutes 820 ILCS §115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly schedule payday for such employee."

**Answer:** Defendants admit that Plaintiff correctly quotes portions of 820 ILCS 115/4 and 820 ILCS 115/5, but deny the remaining allegations in Paragraph 111 of Plaintiff's Amended Complaint.

112.    Defendants violated Illinois Statutes 820 ILCS §§115/1 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiff and the putative IWPCA Class members for the actual time they worked each week within 13 days of the date such compensation was earned and by failing to properly compensate Plaintiff and the putative IWPCA Class members their rightful wages by the next scheduled payday after their separation.

**Answer:** Defendants deny the allegations in Paragraph 112 of Plaintiff's Amended Complaint.

113.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the putative IWPCA class have suffered and will continue to suffer lost wages and other damages.

**Answer:** Defendants deny the allegations in Paragraph 113 of Plaintiff's Amended Complaint, and further deny that Plaintiff or any individual he seeks to represent is entitled to any of the relief he seeks in the Wherefore Clause following Paragraph 113 of Plaintiff's Amended Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

For their affirmative and other defenses, and without assuming any burden of proof they do not already have, Defendants separately allege that each of the following is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:

1.    The Amended Complaint and each and every purported count alleged therein fails

to state any claim upon which relief can be granted.

2.     The Amended Complaint fails to state a claim upon which relief can be granted because the Amended Complaint and each and every purported claim alleged therein do not establish a plausible entitlement to relief and, as such, do not satisfy the pleading standards of FED. R. CIV. P. 8 as set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

3.     The Amended Complaint should be dismissed with respect to Bank of America because it is not Plaintiff's employer and thus not a proper and necessary party.

4.     The Amended Complaint, and each and every purported count alleged therein, are barred in whole or part by all applicable statutes of limitations, including but not limited to, 820 ILCS 105/12  and 29 U.S.C. § 255.

5.     The Amended Complaint, and each and every purported count alleged therein, are barred to the extent that Plaintiff failed to satisfy all statutory prerequisites for bringing his claims.

6.     Plaintiff's claims, and those of the individuals Plaintiff seeks to represent, are barred by applicable exemptions, including the executive, administrative, professional and/or sales exemptions, or a combination thereof, under the applicable provisions of Illinois law, the Fair Labor Standards Act, and any other applicable statute or regulation.

7.     Plaintiff and the individuals Plaintiff seeks to represent have failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, are barred from recovering any damages or any damages awarded should be reduced accordingly.

8.     The Amended Complaint, and each and every purported count alleged therein, are barred in whole or in part by the doctrine of estoppel.

9.      The Amended Complaint, and each and every purported count alleged therein, are barred in whole or in part by the doctrine of waiver.

10.     The Amended Complaint, and each and every purported count alleged therein, are barred in whole or in part by the doctrine of laches.

11.     The Amended Complaint, and each and every purported count alleged therein, are barred in whole or in part by the doctrine of unclean hands.

12.     Defendants at all times acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor of the United States and/or other government agencies, and/or the administrative practices or enforcement policies of other government agencies.

13.     Merrill Lynch, and to the extent necessary, Bank of America are entitled to a setoff for amounts Plaintiff, and the individuals Plaintiff seeks to represent, owe them for receipt of any wages and other benefits to which Plaintiff and the individuals Plaintiff seeks to represent were not entitled and/or did not earn.

14.     The Amended Complaint, and each and every purported claim alleged therein, are barred in whole or in part based on one or more accords and satisfactions.

15.     The Amended Complaint, and each and every purported claim alleged therein, are barred in whole or in part based on one or more novations.

16.     The Amended Complaint, and each and every purported claim alleged therein, are barred in whole or in part by one or more settlement agreements and/or releases.

17.     The Amended Complaint, and each and every purported claim alleged therein, are barred and/or recovery is precluded, in whole or in part, because Defendants' conduct was not willful.

18.     The Amended Complaint, and each and every purported claim alleged therein, are barred because any losses are *de minimis* and cannot be recovered.

19.     Although Defendants deny that they owe any amounts to Plaintiff, if it should be determined that any amounts are owed, Defendants allege that at all times herein reasonable, good faith disputes existed as to whether any such amounts were owed.

20.     Any recovery on the Amended Complaint with respect to the allegations for failure to pay overtime or other compensation are barred because Plaintiff and the individuals Plaintiff seeks to represent were paid all compensation and benefits to which they were entitled and to which they voluntarily agreed and expected.

21.     Without admitting the existence of any duties or obligations as alleged in the Amended Complaint, any such duties or obligations which Plaintiff or the individuals Plaintiff seeks to represent were owed by Defendants have been fully performed, satisfied or discharged.

22.     The state law claims are preempted, in whole or in part, by the National Bank Act, 12 U.S.C. § 21 et seq. (the "NBA").  Bank of America, N.A. is a national association operating under national banking laws and regulations and is chartered as a national bank.  Plaintiff's claims are preempted because the NBA preempts state laws that burden, impair and/or condition the operations of a national bank, and preempt state laws that frustrate the ability of a national bank to have uniform national operations.

23.     Any recovery on the Amended Complaint, or on each purported count alleged therein, are barred in that Plaintiff and the individuals Plaintiff seeks to represent failed to use

28

ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

24.     The Amended Complaint, and each and every purported claim alleged therein, are barred in whole or in part by the doctrines of waiver, ratification, acquiescence, consent and/or agreement based on Plaintiff's and other employees' acceptance of wages paid to them throughout their employment without protest and of final wages paid to them without protest upon the termination of their employment and their failure to demand payment.

25.     The Amended Complaint, and each and every purported claim alleged therein, are barred, in whole or in part, because Plaintiff lacks standing because, including, without limitation, he has not suffered any injury in fact and have not lost money or property, and/or they are former employees.

26.     Defendants have engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorneys' fees pursuant to applicable law upon judgment in Defendants' favor.

27.     Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  Defendants reserve the right to assert additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendants hereby pray for judgment in their favor as follows:

1.     That no class or collective action of any type be certified in any manner by the Court in the action and that no notice of the action be given;

2.     That Plaintiff and the individuals Plaintiff seeks to represent take nothing by way of their action against Defendants, including without limitation as alleged herein;

107601960_3

3.      That the Plaintiff's action be dismissed in its entirety with prejudice;

4.      That Plaintiff and the individuals Plaintiff seeks to represent be denied each and every demand and prayer for relief made in the action;

5.      For costs of suit incurred herein, including reasonable attorneys' fees pursuant to applicable law; and

6.      For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 28th day of September 2018.

By: _____*/s/ Chen G. Ni*_____
Katharine P. Lennox
Chen G. Ni
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-1818
Telephone: (312) 849-8100
Facsimile: (312) 849-3690
Email: klennox@mcguirewoods.com
Email: cni@mcguirewoods.com

Bruce M. Steen (admitted *pro hac vice*)
MCGUIREWOODS LLP
201 N. Tryon Street, Suite 3000
Charlotte, North Carolina  28202
Telephone:  (740) 353-6244
Facsimile:  (704) 353-6200
Email:  bsteen@mcguirewoods.com

*Attorneys for Defendants Bank of America*
*Corporation and Merrill Lynch, Pierce,*
*Fenner & Smith Incorporated*

## <u>CERTIFICATE OF SERVICE</u>

       I, an attorney, hereby certify that on September 28, 2018, I electronically filed the foregoing **Answer to Amended Class and Collective Action Complaint** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. A copy was served via the CM/ECF system upon the following counsel:

       James X. Bormes
       Catherine P. Sons
       Law Office of James X. Bormes, P.C
       8 South Michigan Avenue, Suite 2600
       Chicago, Illinois 60603
       312-201-0575
       jxbormes@bormeslaw.com
       cpsons@bormeslaw.com

       Thomas M. Ryan
       Law Office of Thomas M. Ryan, P.C.
       35 East Wacker Drive, Suite 650
       Chicago, Illinois 60601
       312-726-3400
       tom@tomryanlaw.com

       Kasif Khowaja
       The Khowaja Law Firm, LLC
       70 East Lake Street, Suite 1220
       Chicago, Illinois 60601
       312-356-3200
       kasif@khowajalaw.com

       *Attorneys for Plaintiff*

                                      */s/ Chen G. Ni*